JORDAN v. UNITED STATES.

No. 12358.

United States Court of Appeals
Fifth Circuit.

Oct. 22, 1948.

Early L. Fowler, of Atlanta, Ga., for appellant.

J. Ellis Mundy, U. S. Atty. and F. Douglas King, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and SIBLEY, and LEE, Circuit Judges.

LEE, Circuit Judge.

In July of 1947, the appellant, as plaintiff, brought this suit in the lower court against the United States Government to recover damages under the Federal Tort Claims Act[1] for personal injuries. Prior to the passage of the Tort Claims Act, settlement had been effected under the act of July 3, 1943,[2] and the question posed on this appeal is whether that settlement was full and final.

The accident out of which the alleged cause of action grows occurred in March in 1945 in Atlanta, Ga., when James A. Jordan's car, which he himself was driving, collided with a United States Army truck, which was being driven by a civilian employee of the Army, acting within the scope of his employment. Jordan suffered serious personal injuries. On May 21, 1945, he executed a release to the Government, and a voucher was issued to him for the amount set forth in the release. Annexed to the voucher was a form upon which the following statement appeared: "In full settlement of the amount determined and allowed by the Secretary of War, or an officer duly designated for such purpose, under authority of the act of July 3, 1943 (Pub.Law 112, 78th Cong.) upon the claim of the above-named claimant for damage to or loss or destruction of property and/or expenses incident to personal injury or death caused by military personnel or civilian employees, or otherwise incident to activities, of the War Department or of the Army."

In the court below, Jordan sought recovery for loss of earnings, diminished earning capacity, permanent injury, and pain and suffering. The defendant interposed the settlement and payment thereunder and pleaded that plaintiff was estopped from asserting any other claim for damages growing out of the collision and prayed for summary judgment. After a hearing, the lower court held in favor of the Government and dismissed the suit. This appeal followed.

With respect to personal injury, the act of July 3, 1943, provides: "The amount allowed on account of personal injury or death shall be limited to reasonable medical, hospital, and burial expenses actually incurred."

It further provides: "Any such settlement made by the Secretary of War

---

[1] 60 Stat. 843, 28 U.S.C.A. 2671 et seq.

[2] Public Law 112, 78th Congress, 31 U.S.C.A. §§ 223b, 223c, among other things, authorized the Secretary of War to consider, ascertain, adjust, determine, settle, and pay in an amount not in excess of $500, or in time of war not in excess of $1,000, where accepted by the claimant in full satisfaction and final settlement, any claim against the United States Government arising on and after May 27, 1941, for damage to or loss or destruction of property real or personal, or for personal injury or death caused by military personnel or civilian employees of the War Department or the Army, while acting within the scope of their employment.

\* \* \* under the authority of this Act \* \* \* shall be final and conclusive for all purposes, notwithstanding any other provision of law to the contrary."

The language is clear: The act of July 3, 1943, under which the United States consents with respect to personal injuries to compensate the claimant for reasonable medical, hospital, and burial expenses arising out of an accident, specifically provides that such a settlement shall be a full and final settlement with respect to all purposes, when accepted by the claimant. By listing reasonable medical, hospital, and burial expenses, the act fixes a basis upon which the sum to be paid may be arrived at, and very clearly shows that the Government waives the prohibition of recovery from it for a tort to the extent only of the medical, hospital, and burial expenses arising out of the accident; but, to recover these expenses, the claimant must accept the payment in full settlement for all purposes.

The Federal Tort Claims Act was passed in August of 1946 and applied to claims against the Government arising after January 1, 1945. When the collision out of which this litigation grows took place in March of 1945, and when the settlement was made with appellant, the Federal Tort Claims Act had not been passed. The fact that the Government, over a year later, passed the Tort Claims Act and made it applicable to claims generally against the Government for damages to property and persons arising on and after January 1, 1945, can have no bearing upon the case before us. Since appellant's claim for damages resulting from the accident was fully and finally disposed of in the settlement under the act of July 3, 1943, the passage of the Tort Claims Act created no foundation for further claim against the Government. The contention that the Tort Claims Act repealed the act of July 3, 1943, even if correct, would not have any effect upon final settlements made under the act of July 3, 1943, prior to its alleged repeal, in the absence of specific language to that effect.

The judgment appealed from is correct. Accordingly, it is

Affirmed.