## UNITED STATES v. WADE et al.
### No. 4358.

United States Court of Appeals
First Circuit.
Oct. 29, 1948.

Edward O. Gourdin, Asst. U. S. Atty., of Boston, Mass. (William T. McCarthy, U. S. Atty., of Boston, Mass., on the brief), for appellant.

John T. Kenney, of Needham, Mass., for appellees.

Before MAGRUDER, Chief Judge, and GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

MAGRUDER, Chief Judge.

On February 22, 1945, George W. Wade and his wife, while driving in their car on a public highway in West Bridgewater, Massachusetts, were run into by a truck of the U. S. Army driven by a civilian employee. The Wades received personal injuries and their car was damaged. On June 16, 1947, they filed a complaint in the court below against the United States under the Federal Tort Claims Act, 60 Stat. 842, 28 U.S.C.A. § 921 et seq.[1], charging negligence. In this action they recovered a judgment against the United States in the sum of $8,000 for the husband and $1,250 for the wife.

The only question pressed by the United States on appeal from this judgment is as to the correctness of a ruling by the trial judge that a payment received by appellees from the War Department some time in December, 1945, or during the following month, for medical and hospital bills and property damage, pursuant to the Act of July 3, 1943, commonly referred to as the Military Claims Act, 57 Stat. 372, 31 U.S.C.A. §§ 223b, 223c, did not constitute a bar to the action but went only in diminution of damages recoverable.

At the time of the accident, the United States had not consented to be sued upon such tort claims. Then the only recourse of appellees, short of a petition to Congress for relief by way of a private bill, was under the Military Claims Act, the now relevant portions of which read as follows:

"That the Secretary of War, and, subject to appeal to the Secretary of War, such other officer or officers as he may designate for such purposes and under such regulations as he may prescribe, are hereby authorized to consider, ascertain, adjust, determine, settle and pay in an amount not in excess of $500, or in time of war not in excess of $1,000, *where accepted by the claimant in full satisfaction and final settlement,* any claim against the United States arising on or after May 27, 1941, when such claim is substantiated in such manner as the Secretary of War may by regulation prescribe, for damage to or loss or destruction of property, real or personal, or for personal injury or death, caused by military personnel or civilian employees of the War Department or of the Army while acting within the scope of their employment, or otherwise incident to noncombat activities of the War Department or of the Army * * * *Provided,* That the damage to or loss or destruction of property, or the personal injury or death, shall not have been caused in whole or in part by any negligence or wrongful act on the part of the claimant, his agent, or employee. * * * The amount allowed on account of personal injury or death shall be limited to reasonable medical, hospital, and burial expenses actually incurred * * *. *Any such settlement made by the Secretary of War, or his designee, under the authority of this Act and such regulations as he may prescribe hereunder, shall be final and conclusive for all purposes, notwithstanding any other provision of law to the contrary.* * * * The Secretary of War may report such claims as exceed $500, or in time of war $1,000, to Congress for its consideration. * * **"* [Italics added.]

In other words, appellees had no legally enforceable claim for damages, but might under the Military Claims Act obtain relief of a partial character covering only hospital and medical bills and property damage up to a maximum of $1,000 but not compensating for other items such as pain and suffering, or impairment of earning capacity,

---

[1] In 1948 Revision, 28 U.S.C.A. §§ 1291, 1346, 1402. 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680.

normally recoverable in a personal injury action. It appears that appellees have been reimbursed by the War Department for their hospital and doctors' bills and for the damage to the car, in a total amount not stated, but which must have been within the statutory maximum limit of $1,000 for each claimant. The government relies upon the receipt of these payments by appellees as barring any action under the Federal Tort Claims Act, which had not been enacted at the time such payments were received. We think the District Judge was right in holding that the items for medical expenses and property damage were out of the case, because covered by the settlement with the War Department, but that appellees were still entitled to recover for pain and suffering and for loss of earning capacity.

The Federal Tort Claims Act became law August 2, 1946. It contains the following provisions:

"Sec. 410. (a) Subject to the provisions of this title, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred * * * shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, *accruing on and after January 1, 1945,* on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages * * *." [Italics added.] 28 U.S.C.A. § 931.[2]

The United States has thus rendered itself suable for full damages for personal injuries and property damage resulting from negligence of employees of the government acting within the scope of their employment. The Act of course applies prospectively to tort claims predicated upon acts of negligence committed after its passage. But it also reached back into the past by including within its remedial provisions "any claim against the United States, for money only, accruing on and after January 1, 1945" on account of negligent injury to person or property. It may be asked, why did Congress, in enacting the Federal Tort Claims Act, not leave such past claims to be disposed of by way of the limited administrative relief available under the law theretofore prevailing, the Military Claims Act of July 3, 1943? The reason must have been that Congress recognized the obvious inadequacy of such administrative relief.

Therefore, since appellees' claim accrued on February 22, 1945, and thus fell within the retrospective period provided for in the Federal Tort Claims Act, we think it altogether unlikely that Congress meant to exclude such claimants from all benefit of this remedial act merely because they have been recompensed for certain specified items of damage under the earlier, inadequate law. The Federal Tort Claims Act contains no language indicating any such intention.

The United States argues, however, that the claim of appellees was no longer in existence on August 2, 1946, when the Federal Tort Claims Act was passed, because it had been extinguished by settlement under the earlier Act of July 3, 1943. In this connection, the United States points to the language in the Military Claims Act, above quoted, authorizing the Secretary of War to settle and pay claims, in amounts not in excess of $1,000, for property damage and personal injury caused by War Department personnel, "where accepted by the claimant in full satisfaction and final settlement"; and to the further provision that any such settle-

---

[2] In 1948 Revision, see 28 U.S.C.A. §§ 1346, 2674.

ment "shall be final and conclusive for all purposes".

But what was this "claim" of appellees which accrued on February 22, 1945? At that time they had no cause of action against the United States, because the United States was still sheltered behind its sovereign immunity from liability for the torts of its employees. The claim was then only a moral claim, which. Congress in good conscience might recognize by the passage of a private bill. Congress had not provided for the full satisfaction of such moral claim by the limited authority conferred upon the War Department in the Military Claims Act of July 3, 1943. It allowed the War Department to recompense a claimant for medical bills and property damage, but not for loss of earning capacity. Except for the limited payment provided for, the United States remained sheltered behind its sovereign immunity from the normal legal liability which the law imposes upon a private individual for the torts of his servants. Despite the payments which appellees received from the War Department, their moral claim against the government, in greater part, and the corresponding moral obligation of the government, remained unsatisfied. If the United States has a moral obligation to pay three items of damage resulting from tortious conduct of a government employee, it does not settle and extinguish such moral obligation in full by paying one item of damage and saying to the claimant: "That is all you will get." Payment by the War Department under the Military Claims Act was not, and did not purport to be, an accord and satisfaction of a then nonexisting cause of action against the United States for the tort of its servant. The most that could be said is that such payment was an accord and satisfaction with respect only to those items of damage which the War Department was authorized "to consider, ascertain, adjust, determine, settle and pay"—which proposition appellees concede for purposes of this case.

The language of the Military Claims Act with respect to the effect of payment by the War Department for the restricted items of damage there provided for is to be contrast-ed with the language of § 403 of the Federal Tort Claims Act, providing for administrative adjustment of tort claims which might now be enforced by suit against the United States as provided in § 410. Section 403(a) confers authority upon each Federal agency, acting on behalf of the United States, to adjust and settle "any claim against the United States for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death, where the total amount of the claim does not exceed $1,000, caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred." There is no limitation as to the items of damage which may be settled for by the Federal agency; the only limit is that payment can be made only where the total amount of the claim does not exceed $1,000. Section 403(d) provides, in sweeping language: "The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release by the claimant of any claim against the United States and against the employee of the Government whose act or omission gave rise to the claim, by reason of the same subject matter." Since the tort claimant now has a cause of action against the United States under § 410 for the full damages which a private person would be liable to pay on account of the tort of his servant under like circumstances, it is logical that a settlement and payment of such claim by the Federal agency concerned, under the authority of § 403(a), should be a complete bar to an action for damages under the Federal Tort Claims Act. But as we have already pointed out, the situation presented in the instant case, at the time the payment was made by the War Department under the earlier act, was quite different.

The judgment of the District Court is affirmed.