**PREBILT CO. v. UNITED STATES et al.**

Civ. No. 7433.

United States District Court
D. Massachusetts.

Jan. 30, 1950.

Finn & Crane, Harry Finn, Boston, Mass., for plaintiff.

George F. Garrity, United States Attorney, Boston, Mass., Harry Bergson, Jr., Assistant United States Attorney, Boston, Mass., Irvin M. Gottlieb, Atty., Dept. of Justice, Washington, D. C., for defendants.

FORD, District Judge.

This is an action against the United States and Raymond M. Foley as Administrator of the Housing and Home Finance Agency, a branch of the Public Housing Administration,[1] under the provisions of the War Hardship Claims Act, sometimes called the Lucas Act, Act Aug. 7, 1946, Public Law 657, 79th Congress, 60 Stat. 902, as amended, 41 U.S.C.A. § 106 note, in which plaintiff, The Prebilt Company, seeks a determination by the court of what sums, if any, are equitably due to plaintiff as a claimant under said Act, and an order directing the Agency to settle the claim in accordance with the finding of the court.

Defendants have moved for judgment on the pleadings or, in the alternative, for summary judgment. Affidavits with attached exhibits have been filed by defendants in support of their motion, and counter-affidavits have been filed by plaintiff.

Plaintiff in 1942 and 1943 entered into seven contracts with the Federal Public Housing Authority for the prefabrication, construction, and erection of certain dwelling units and community buildings: These contracts will be referred to by the numerals I through VII placed before the contract designations as follows:

```
   I  Contract No. WAH(D–Mass–19061)–1
  II  Contract No. HA(Conn–6018)cph–1
 III  Contract No. HA(Conn–6037)cph–189
  IV  Contract No. HA(Conn–6037)cph–190
   V  Contract No. HA(Conn–6132)cph–107
  VI  Contract No. HA(Conn–6133)cph–103
 VII  Contract No. HA(Conn–6202)cph–102
```

The contracts were completed and the work accepted by the Agency. Defendants thereupon, during 1943 and 1944, filed as to each of them a signed certificate and release. As to contracts III and VII these certificates made no exceptions of further claims under the contract. Claims except- ed as to contracts II and IV were satisfied in full, and claims excepted under the remaining contracts only in part, a total of $126,079.25 in claims under these contracts being denied.

On March 10, 1944, plaintiff submitted revised certificates and releases on contracts I, II, and IV. Additional claims excepted in these latter releases were considered and disallowed by the Agency, the Agency expressly reserving its rights under the previously executed releases on said contracts.

Thereafter, at various dates during 1944, plaintiff submitted to the contracting officer claims for increased costs and damages under all contracts except III and VII. At some time plaintiff orally requested that these be considered as claims under Executive Orders 9001 and 9116, 50 U.S.C.A.Appendix, § 611 note, issued pursuant to the First War Powers Act of 1941, 50 U.S.C.A.Appendix, § 611. These claims were denied by the contracting officer, and plaintiff appealed these denials by letter to the Commissioner of the Federal Public Housing Authority. Each of these letters contained a paragraph in substance the same as the following from the letter of April 2, 1945 referring to contracts III, V, and VI: "The Prebilt Company specifically requests that James B. Blandford, Administrator, and Philip M. Klutznick, Commissioner grant it relief, and to rewrite the contracts on these three named projects under the authority of powers granted by Executive Orders 9001, 9116 and otherwise."

These letters, covering all contracts except III and VII, were all dated not later than April 2, 1945. These appeals were all considered and denied, notice of the denial being sent to plaintiff by letters of various dates between August 31, 1945 and May 14, 1946.

By letter of March 19, 1946, plaintiff represented its claims as to all seven contracts, in the amount of $686,910.81, to the contracting officer, asking relief under Section 201 of the First War Powers Act.

1. The Public Housing Administration, together with its predecessor, the Federal Public Housing Authority, are herein referred to as the Agency.

of 1941, 50 U.S.C.A.Appendix, § 611. These claims were rejected by the contracting officer by letter dated April 11, 1946.

Thereafter, on December 18, 1946, plaintiff submitted to the Federal Public Housing Authority a claim in the sum of $405,-009.58 under the Lucas Act, together with supplementary data filed on February 5, 1947. These claims were rejected by the Agency by letter dated March 16, 1948 and plaintiff thereupon brought this action.[2]

Defendants contend that judgment should be rendered in their favor because plaintiff is not entitled to relief under the Lucas Act on the following grounds:

1. Plaintiff failed to file requests for relief before August 14, 1945.

2. Plaintiff's claim filed under the Lucas Act was not in conformity with that Act and regulations issued thereunder.

3. Plaintiff is barred from maintaining this action by the releases which it executed in 1943 and 1944.

4. Plaintiff is barred from relief because its claims were considered and rejected on the merits under the First War Powers Act of 1941.

■■■ The first question is whether plaintiff before August 14, 1945 filed a claim fulfilling the requirements of § 3 of the Lucas Act.[3] Defendants' contention is that since the various claims filed by plaintiff prior to that date did not specifically set forth that they were for "losses", these claims do not fulfill the requirements of the Act. The basis for relief under the Lucas Act is that the contractor has suffered losses without fault or negligence on his part. But this basis for relief appeared in the statutes only with the enactment of the Lucas Act itself on August 7, 1946. Relief under the First War Powers Act previous to August 14, 1945 had been on the basis of whether the granting of it would facilitate the prosecution of the war. Surely a claimant under the Lucas Act is not to be barred because, when it sought relief months before August 14, 1945, it was not enough of a prophet to phrase its claims specifically in the words of a statute which was still months in the future. It is enough if, before that critical date, it put the government on notice that it sought not merely such adjustments as it might be entitled to have made as a matter of right under its contract, but also that it asked relief over and above its strict contract rights. On this basis, the plaintiff's letters, above referred to, appealing to the head of the Agency from the denial of its claims by the contracting officer were sufficient notice that those claims were brought as claims for relief. While not specifically referring to the First War Powers Act, they did cite the Executive

2. Plaintiff was a joint-venturer with the Pope & Cottle Company on Contract No. W-7105-qm-18 executed December 13, 1941, with the Corps of Engineers of the War Department for the construction of a barracks at Fort Ruckman, Nahant, Massachusetts. The contract was performed and payment made. At the request of the Agency, information as to this contract was included in its Lucas Act claim, which indicated plaintiff had suffered a loss thereon. But no claim for such loss is included in the complaint, and plaintiff says it does not assert any Lucas Act claim under that contract.

Plaintiff in November 27, 1944 submitted to the contracting officer a claim for losses incurred in preparatory work in connection with 100 houses which it appears were never built. This has been referred to as the claim for "100 missing houses." It is not included expressly as a separate item in the present complaint. If it is properly included as an item of loss under one of the seven contracts which are enumerated in the complaint, it must, so far as these motions are concerned, share the fate of other claims related to that contract and needs no separate consideration here.

3. "Sec. 3. Claims for losses shall not be considered unless filed with the department or agency concerned within six months after the date of approval of this Act, and shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945, but a previous settlement under the First War Powers Act, 1941, or the Contract Settlement Act of 1944 shall not operate to preclude further relief otherwise allowable under this Act."

Orders issued under that Act, and thus made the claims requests for the extraordinary relief which was then available to contractors. Howard Industries, Inc., v. United States, 83 F.Supp. 337, 340, 113 Ct.Cl. 231.

■ It is true that the total amount sought by plaintiff in these requests for relief under Executive Orders 9001 and 9116 was $264,553.53 and that the amount sought by the present complaint is $405,009.58. No requests for the additional sums now sought were filed before August 14, 1945. This variation in the amounts claimed is not a ground for judgment for the defendants at this stage of the proceedings. Plaintiff is entitled to go to trial on the merits of at least so much of its present claims as were properly presented, and at that trial it will be proper to determine to what extent and to what items its recovery should be limited. Stephens-Brown, Inc. v. United States, D. C., 81 F.Supp. 969, 971.

■ As to contracts III and VII, however, no exceptions were made in the original release, and no claim was brought to the attention of the Agency at any time before the inclusion of these claims in its re-presentation of claims on March 19, 1946. As to these contracts, then, the requirement of the Lucas Act as to requests for relief before August 14, 1945 has not been complied with.

■ The argument that plaintiff's claim under the Lucas Act does not conform to the terms of that Act and the applicable regulations is based on the failure of plaintiff to file with that claim copies of its requests for relief made prior to August 14, 1945, and its failure to furnish certain other information requested by the Agency as necessary for a proper determination of the claims. Plaintiff's only objection to filing the copies of the requests for relief was that this would involve adding to the record a bulky document of 500 pages which was already on file with the Agency. And it appears from the uncontradicted affidavit of plaintiff's counsel that he was told on September 15, 1947 by Messrs. Chapman and Plummer of the Agency that the Agency had the copies of these requests in its files and that the only additional information required was information setting out segregation of losses by cause. If plaintiff has a valid claim on the merits to relief under the Act, it should not be defeated by a technical failure to meet the letter of the requirements of the regulations, when this failure seems in no way to have denied the Agency any information it needed for a proper determination of the claim.

As to the failure to supply the requested information as to segregation of losses by cause, this does not appear to have been a deliberate refusal to furnish data in its possession relevant to its claim. If such is indeed the case it may be that plaintiff at the trial on the merits should be barred from bringing forward evidence it held back from the administrative agency. Cf. National Broadcasting Co. v. United States, 319 U.S. 190, 227, 63 S.Ct. 997, 87 L.Ed. 1344. But it appears from the uncontradicted affidavit of the plaintiff's accountant that while the books and records of the plaintiff are kept in accordance with recognized accounting practice, they do not contain the information needed to show a segregation of losses by causes. Plaintiff cannot be required to furnish information it does not possess. The requirements of the regulations as to the information to be furnished must be interpreted in the light of § 2(b) of the Act.[4] As a result of the inability of plaintiff to furnish this information, the final result may be a holding that the evidence adduced is not sufficient to justify a finding in the plaintiff's favor, but the Act requires no more of the claimant, as a prerequisite to having its claim passed upon, than that it should furnish all the relevant information which it possesses.

4. "Sec. 2. * * *
"(b) Every claimant under this Act shall furnish to the department or agency concerned any evidence within the possession of such claimant bearing upon the matters referred to in subsection (a) of this section."

The certificate and release given by the plaintiff in the case of each contract contains the provision: "5. That in consideration of the payment of the amounts stated in Paragraph 1 hereof the undersigned does hereby release the United States of America from any and all claims arising under or by virtue of this contract, except the amounts listed in Paragraph 2 hereof. The Contractor further certifies that upon the payment of the amounts listed in Paragraph 2 hereof, he will release the Government from any and all claims of any nature whatever arising out of said contract or modification thereof and will, if required, execute such further release or assurances as the Government may request."

It is the position of defendants that plaintiff, having given such releases, has no cause of action against the United States except such action as it may be entitled to bring in the Court of Claims under the Tucker Act to recover amounts claimed in the exceptions in such releases, payment of which has been denied by the Agency in the case of contracts I, V, and VI.

Defendants call attention to the problem which arose under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., as to whether a release of all claims against the United States arising out of a specific accident, given at the time of an administrative settlement of the claims before the passage of the Tort Claims Act, is a bar to an action under the Act to recover items of damages which are recoverable under the Act, but which the administrative agency previously had no authority to pay in settlement of the claim. Some decisions have held that such a release bars the subsequent action. Jordan v. United States, 5 Cir., 170 F.2d 211. The opposite view was taken, however, in United States v. Wade, 1 Cir., 170 F.2d 298, and that decision expresses the law of this circuit on the point.

Moreover, the present case is not truly comparable to those which have arisen under the Tort Claims Act. In those cases, a cause of action had been settled, and a release given, and thereafter plaintiff sought to reopen the same cause of action in order to recover additional items of damage. Here, the plaintiff gave a release of its contractual claims against the United States. In its present action it asserts no claim based on its rights under such contract. Its cause of action is one for relief gratuitously conferred by the United States by statute long after it had released its contractual claims. Consequently, the release of its contractual claims does not bar recovery of the relief it seeks under the Lucas Act.

The remaining contention of defendants is based on the provisions of § 204 of Executive Order 9786, 11 F.R. 11553,[5] which contains the President's regulations promulgated under § 1 of the Lucas Act. It is argued that final action with respect to plaintiff's claims has been taken, since the denial by the Agency of the plaintiff's appeals from the action of the contracting officer in rejecting plaintiff's 1944 claims was taken on the merits, in that the reason expressed for the denial was that the Agency could not find that the allowance of the claims would facilitate the war effort. But the earliest of the letters denying such relief was sent on August 31, 1945. There is no evidence as to when the actual decision to deny the claims was made. Hence, it cannot be held that any final action was taken on or before August 14, 1945, and the restriction of § 204 is therefore inapplicable.

Defendants' motion for judgment on the pleadings is denied.

Defendants' motion for summary judgment is allowed as to claims for losses on work done under the contracts herein designated as III and VII; as to the rest of the complaint, the motion is denied.

---

5. Sec. 204. "No claim for loss under any contract or subcontract of a war agency shall be received or considered unless a written request for relief with respect thereto was filed with such war agency on or before August 14, 1945; and no claim shall be considered if final action with respect thereto was taken on or before that date."