In the Matter of the Claim of MARY RYAN, Appellant, *v.* GENERAL ELECTRIC COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 27, 1968.

*Smith, Leasure, Gow & Cahill* (*James N. Cahill* of counsel), for appellant.

*Fraser, McDonough & Digby* (*Bouck & Holloway* and *Warner M. Bouck* of counsel), for General Electric Company and another, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. The claimant appeals from a decision of the Workmen's Compensation Board which determined that a recovery by the claimant under the Military Claims Act (U. S. Code, tit. 10, § 2733) must be applied in reduction of an award of death benefits under the Workmen's Compensation Law.

The facts in this case are stipulated. On October 2, 1962, John B. Ryan, the decedent, was killed in a midair collision between

the Beechcraft plane he was piloting for the employer-respondent and a Navy jet. The accident occurred near St. Augustine, Florida, and the occupants of both planes were killed. The Navy jet, which was engaged in maneuvers, had previously reported difficulties in winding in its practice targets. The Civil Aeronautics Board's investigation of the accident disclosed that the Navy jet was in a steep dive when it collided with the Beechcraft.

The decedent left a wife (the claimant) and three children to whom an award of death benefits was made by the Workmen's Compensation Board on March 1, 1963. The widow also submitted a claim under the Military Claims Act (U. S. Code, tit. 10, § 2733), and she received an award of $5,000 from the Department of the Navy on January 7, 1964, and the further sum of $120,000 appropriated by Congress on July 2, 1965.

The employer's insurance carrier mailed a notice of lien to claimant, seeking to impose a lien on the $125,000 awarded under the Military Claims Act. The board held that the carrier was " entitled to credit for the net proceeds received ".

The parties have stipulated that the issue before this court is: " Whether the settlement of this case under the Military Claims Act, 10 U. S. C. A. § 2733 et seq., constitutes a settlement of the third-party action within the meaning of Section 29 of the Workmen's Compensation Law."

The claimant contends that section 29 of the Workmen's Compensation Law gives the carrier a lien only on recoveries in tort which the claimant obtains against a third party, and thus not against an award under the Military Claims Act, which, the claimant contends, is not premised on negligent conduct by the Government.

The respondent carrier contends that subdivision 1 of section 29 was broadly conceived by the Legislature to prevent a double recovery by the claimant for the same injuries — workmen's compensation benefits and then a second payment stemming from either the judicial or administrative process.

To paraphrase the issue, the appellant opines that the present settlement was for all intents and purposes a gift. (*Matter of Schneider* v. *Baxter's Flying Serv.*, 266 App. Div. 1037, mot. for lv. to app. den. 292 N. Y. 726.)

The Military Claims Act permits a settlement by the Secretary and Congress regardless of a legal cause of action, provided only that the injury (death) was *caused* by the armed services and not caused by a wrongful or negligent act of the claimant (decedent).

Subdivision 1 of section 29 of the Workmen's Compensation Law provides that the claimant, having been " injured or killed by the negligence or wrong of another ", may elect to " pursue his remedy " against third persons. In the present case it appears that the factual pattern of the accident was sufficiently established to plead a negligence action against the United States. Upon the present record, the fact of negligence on the part of the Navy pilot could be inferred upon the same basis as that of an operator of an automobile. (See *Pfaffenbach* v. *White Plains Express Corp.,* 17 N Y 2d 132, 135.)

The remedy provided by the Military Claims Act to some extent overlaps with that provided by the Federal Tort Claims Act (U. S. Code, tit. 28, § 1346 *et seq.*) so that a suit predicated on governmental negligence under the latter also could be administratively adjusted under the former. It is similar to an automobile accident case where the prospective plaintiff writes to the insurance carrier and suggests a settlement. The carrier then has the option of electing to settle — regardless of negligence — or refuses such offer, in which event the plaintiff could start an action in negligence seeking to recover. In such a situation the insurance carrier is in the same relative position as the United States in this action where it could elect under the Military Claims Act to settle, regardless of the issue of its negligence, or deny such claim, in which event an action in negligence could be instituted under the Federal Tort Claims Act. There was a cause of action available to the claimant and it does not appear, as a matter of law, that such remedy could not be pursued. Under the circumstances, when claimant settled the same by the execution of releases, the board had the right factually to determine that the provisions of section 29 were applicable.

It is not the type or kind of forum or the pleadings therein that control, but, rather, whether the " remedy " that flows therefrom is such as that contemplated by section 29 of the Workmen's Compensation Law.

The intent and purpose of the legislation will be best served, under the present facts, by making section 29 applicable and thus prevent a double recovery and double payment. (See *General Aniline & Film Corp.* v. *Schrader & Son,* 13 A D 2d 359; *Matter of Petterson* v. *Daystrom Corp.,* 17 N Y 2d 32, 39.)

It should be noted, in view of claimant's reliance upon *Matter of Schneider* (*supra*), that the widow in that case received money as the result of an act of Congress and the board there held that the payment was a grant or voluntary payment and not a recovery. This court in affirming held that the claimant

never had a legally enforcible claim against the United States (sovereign immunity had not at that time been waived by Congress) and, accordingly, there was no recovery within the meaning of section 29.

The decision should be affirmed.

GIBSON, P. J. (concurring in the result). I do not agree that the factor of negligence can be read into the Military Claims Act or that in this case we can properly infer negligence from the stipulated facts. Although *Matter of Petterson* v. *Daystrom Corp.* (17 N Y 2d 32, *supra*) dealt with a recovery in tort, I think that the basic principles there expressed require the extension of the *Petterson* rule to this case and that is the premise of my vote.

GABRIELLI, J. (dissenting). The decision should be reversed.

The third-party recovery which will redound to the benefit of a carrier is a recovery by reason of the "negligence or wrong" of the third party. (Workmen's Compensation Law, § 29, subd. 1.) It is abundantly clear from the language of the Federal statute itself, as well as from its legislative history and the regulations of the respective services promulgated pursuant to it, that a payment under the Military Claims Act, unlike an award under the Federal Tort Claims Act, is not a recovery for tort, but a payment made by the grace, first, of the Secretary concerned and, second, of the Congress and the President. I do not agree that our holding in *Matter of Schneider* v. *Baxter's Flying Serv.* (266 App. Div. 1037, mot. for lv. to app. den. 292 N. Y. 726) was rendered irrelevant by the subsequent enactment of the Military Claims Act; for a widow or other dependent is still without "a legally enforcible claim", except, perhaps, one limited to $5,000, "prior to the passage of [an] Act of Congress" (p. 1038). Payments of benefits of one kind or another from collateral sources — as to injured motorists from accident insurance policies or medical payments coverage incidental to liability insurance policies — are not unusual and seem no different in principle from the award here in question. The payment was nothing of that sort in the case upon which respondents principally rely, but was nothing more than a *recovery* obtained in *tort* (*Matter of Petterson* v. *Daystrom Corp.*, 17 N Y 2d 32, 39); and as the court there stated, the statute authorizing reimbursement or the creation of a lien (Workmen's Compensation Law, § 29) is designed "to provide for reimbursement of the compensation carrier whenever a recovery is obtained in *tort* for the same injury that was a predicate for the payment of the compensa-

tion benefits ''. (Emphasis supplied.) Here, certainly, there was no recovery in tort and the compensation carrier should not be permitted to completely escape liability because of the gratuitous action of the Federal Government. In *Petterson* (*supra*), the insurance carrier covering the tort claim was also the compensation carrier.

The decision should be reversed and the matter remitted to the Workmen's Compensation Board.

Reynolds and Aulisi, JJ., concur with Herlihy, J.; Gibson, P. J., concurs in the result, in a memorandum. Gabrielli, J., dissents and votes to reverse and remit, in an opinion.

Decision affirmed, without costs.