[No. 40518. En Banc. May 20, 1970.]

MARGARET I. LUNDEEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Appellants.*[*]

*The Attorney General* and *Joe Gordon, Jr., Assistant,*

[*]Reported in 469 P.2d 886.

*Little, Gandy, Palmer, Slemmons & Holcomb*, and *Thomas G. Holcomb*, for appellants.

*Schroeter, Jackson, Goldmark & Bender* and *Paul W. Whelan*, for respondent.

HILL, J.†—This is an appeal by the Department of Labor and Industries from a judgment of the King County Superior Court awarding Margaret I. Lundeen the benefits which she claimed under our Industrial Insurance Act, in consequence of the death of her husband in the course of his employment.

The facts relative to his death are not in dispute. Her husband, John Howard Lundeen was killed instantly on November 5, 1959, in the course of his employment for Northwest Construction, Inc., and in furtherance of the work which that company was performing for the United States at McChord Air Force Base. The truck he was driving was struck by the wing of a United States Navy jet plane which crashed shortly after takeoff. The plane was piloted by a Marine Corps aviator, and was on a duly authorized military flight (noncombat).

In addition to his widow, Mr. Lundeen left surviving him their two sons, then 7 and 5 years of age. Mrs. Lundeen became the guardian of the children.

Her claim for benefits was by agreement held in abeyance while the possibilities of a claim against the United States were explored. She filed a claim for $175,000 on behalf of herself and the children under the Military Claims Act (10 U.S.C.A. § 2731, *et seq.*). This was settled in August 1961 for $98,816 ($5,000 when the terms of the settlement were reached, and $93,816 after congress passed an appropriation in that amount).

Her application for benefits under the Industrial Insurance Act was then denied by the department on September 28, 1961, on the grounds that her recovery under the Military Claims Act was a third party recovery within the

---

†Justice Hill is serving as a justice pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

purview of RCW 51.24.010[1] of our Industrial Insurance Act and that her recovery from the third party, the United States, far exceeded 'any benefits to which she would be entitled under the Industrial Insurance Act.[2] The position of the department was upheld by the Board of Industrial Insurance Appeals.

Mrs. Lundeen then appealed to the Superior Court for King County and secured the judgment from which this appeal is taken. The judgment ordered the department to pay Mrs. Lundeen the benefits to which she was entitled under the Industrial Insurance Act. The judgment is predicated on three propositions:

(1) That the recovery of $98,816 from the United States

---

[1]Sec. 23. (RCW 51.24.010) If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman or, if death results from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other, such election to be in advance of any suit under this section and, if he takes under this title, the cause of action against such other shall be assigned to the state for the benefit of the accident fund and the medical aid fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this title for such case: *Provided,* That the injured workman or if death results from his injury, his widow, children or dependents as the case may be, electing to seek a remedy against such other person, shall receive benefits payable under this title as if such election had not been made, and the department for the benefit of the accident fund and the medical aid fund to the extent of such payments having been made by the department to the injured workman or if death results from his injury, his widow, children or dependents as the case may be shall be subrogated to the rights of such person or persons against the *recovery* had from such third party and shall have a lien thereupon. Any such cause of action assigned to the state may be prosecuted or compromised by the department in its discretion in the name of the workman, beneficiaries, or legal representative. Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund may be made only with the written approval of the department." This is the way the section read at the time of Mr. Lundeen's death. It has since been amended by chapter 23 of the Laws of 1961 in respects not here material.

[2]The department's estimate of the amount she would receive under the Industrial Insurance Act, assuming that she did not remarry and that the boys both lived to age 18, was approximately $29,000.

was not a settlement of a claim against a third party within the purview of RCW 51.24.010, but a gift, Mrs. Lundeen having no cause of action under the Military Claims Act, and a congressional appropriation being involved.

(2) That a settlement under the Military Claims Act is a conclusive finding that the claimant could not have maintained an action under the Tort Claims Act.

(3) That since Mrs. Lundeen could not have maintained an action under the Tort Claims Act, the Department of Labor and Industries lost no right of subrogation against the United States under that act; *i.e.*, it could not lose what never existed.

As we find ourselves in rather complete disagreement with the trial court, both as to the result and the validity of the supporting reasons, a somewhat lengthy opinion becomes necessary.

In 1959 our Industrial Insurance Act by RCW 51.24.010 gave a widow whose husband has been killed due to the negligence or wrong of a third party two options: (1) she could take her benefits under the Industrial Insurance Act, assigning to the state her right of action against the third party responsible for her husband's death (for the benefit of the accident fund and the medical aid fund), or (2) she could pursue her remedy against the third party, and if she recovered an amount less than the amount she would have received under the Industrial Insurance Act, the accident fund would make up any deficiency.[3]

Mrs. Lundeen's recovery from the third party, the United States, being more than three times what would have been received under the Industrial Insurance Act, there was patently no deficiency to make up.

To bring the position of the parties into focus it should be explained that one seeking recovery against the United States in consequence of a happening such as caused the death of Mr. Lundeen could proceed under the Tort Claims

[3]See note 1. Since the 1961 amendment, both the medical aid fund and the accident fund contribute to the deficiency under the second option.

Act (28 U.S.C.A. § 2671, *et seq.*) or under the Military Claims Act (10 U.S.C.A. § 2731, *et seq.*).

Under the Tort Claims Act the United States waives its governmental immunity and permits itself to be sued for personal injuries or death caused by the negligent or wrongful act or omission of any employee of the government,[4] while acting within the scope of his office or employment,[5] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The claimant, under that act, must prove negligence or some breach of duty owed to the claimant. Injury or death to persons, and destruction or damage to property caused by falling planes come within the purview of that act. *United States v. Gaidys,* 194 F.2d 762 (10th Cir. 1952).

Under the Military Claims Act (10 U.S.C.A. § 2733) a remedy is provided for:

(3) personal injury or death;
either caused by a civilian officer or employee . . . or a member of the Army, Navy, Air Force, or Marine Corps, as the case may be, acting within the scope of his employment, or otherwise incident to noncombat activities of that department.

This act is designed to provide relief when persons are injured or killed as a result of the noncombat activities of the Army, Navy, Air Force and Marine Corps. Relief is not contingent on fault, negligence or wrong. No recourse to the courts is given under this act, and there must be an agreed settlement (at least for any amount in excess of $5,000).

---

[4] " 'Employee of the government' " is defined in the Tort Claims Act to "[include] officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation". (28 U.S.C.A. § 2671.)

[5] The Tort Claims Act also includes the following definition: " 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty." (28 U.S.C.A. § 2671.)

It is seemingly agreed that had Mrs. Lundeen made her settlement or secured a recovery by suit under the Tort Claims Act in excess of the amount she could have received under our Industrial Insurance Act, she would not be entitled to benefits under our act because the provisions of RCW 51.24.010 relating to injury or death caused "by the negligence or wrong of another" would be clearly applicable.

However, Mrs. Lundeen, individually and as the guardian of the children, decided to proceed under the Military Claims Act (10 U.S.C.A. § 2731, *et seq.,* and particularly 2733).[6] As heretofore indicated, a settlement in excess of $5,000 under that act must be by agreement.

In such settlements $5,000 is paid at once, and the excess over that amount is submitted to congress as part of a supplemental appropriation bill, and when congress passes the appropriation the excess amount is paid. No amount above the $5,000 can be paid "unless the amount tendered

---

[6]"Sec. 2733. Property loss; personal injury or death: incident to non-combat activities of Department of Army, Navy, or Air Force.

"(a) Under such regulations as the Secretary of a military department may prescribe, he or, subject to appeal to him, the Judge Advocate General of an armed force under his jurisdiction, if designated by him, may settle, and pay in an amount not more than $5,000 a claim against the United States for—

". . .

"(3) personal injury or death; either caused by a civilian officer or employee of that department, or a member of the Army, Navy, Air Force, or Marine Corps, as the case may be, acting within the scope of his employment, or otherwise incident to noncombat activities of that department.

"(b) A claim may be allowed under subsection (a) only if—

". . .

"(2) it is not covered by section 2734 of this title or section 2672 of title 28;

". . .

"(d) If the Secretary of the military department concerned considers that a claim in excess of $5,000 is meritorious and would otherwise be covered by this section, he may pay the claimant $5,000 and report the excess to Congress for its consideration.

"(e) Except as provided in subsection (d), no claim may be paid under this section unless the amount tendered is accepted by the claimant in full satisfaction." (10 U.S.C.A. § 2733.)

is accepted by the claimant in full satisfaction". 10 U.S.C.A. § 2733 (e). (See note 6.)

Failure to secure a satisfactory settlement under the Military Claims Act does not bar an action under the Tort Claims Act, but the acceptance of a settlement under the Military Claims Act with its "full satisfaction" clause would bar any action under the Tort Claims Act. *Jordan v. United States,* 170 F.2d 211 (5th Cir. 1948); *Parr v. United States,* 172 F.2d 462 (10th Cir. 1949); *also see* Yankwich, *Problems Under the Federal Tort Claims Act,* 9 F.R.D. 143 (1949).

As indicated, Mrs. Lundeen did accept $98,816 in settlement of her $175,000 claim under the Military Claims Act, and acknowledged full satisfaction of her claim, thereby barring any action under the Tort Claims Act.

■ We come now to a consideration of the trial court's reasons for granting Mrs. Lundeen the benefits of the Industrial Insurance Act. Passing for the moment the contention that the $98,816 she has received under the Military Claims Act was a gratuity from the United States and not the settlement of a claim, we would consider the reasoning that the United States could not and would not have settled with her under the Military Claims Act had there been any basis on which she could have recovered under the Tort Claims Act; in short, that she had no cause of action under the Tort Claims Act. This contention is based on the provision in the Military Claims Act that a claim thereunder can only be allowed if "(2) it is not covered by section 2734 of this title or section 2672 of title 28". 10 U.S.C.A. § 2733(b)(2). (See note 6.)

This reference to section 2672 is seemingly construed by the trial court to mean that no claim could be settled under the Military Claims Act if it could have been prosecuted under the Tort Claims Act.

From this construction the trial court, reasoning that those administering the Military Claims Act must be presumed to have done their duty, arrives at the conclusion that if a claim is settled under that act it is conclusively

established that it could not have been prosecuted under the Tort Claims Act.

We do not accept that construction of 10 U.S.C.A. § 2733(b)(2) (see note 6), nor do those who are charged with the administration of the Military Claims Act or the Tort Claims Act, nor do the federal courts. Turning to the two sections referred to in 10 U.S.C.A. § 2733(b)(2), *i.e.*, section 2734 of title 10 and section 2672 of title 28, we find that the former provides special procedures under the Military Claims Act applicable only in foreign countries; and that the latter[7] concerns the "Administrative adjustment of claims" arising under the Tort Claims Act.

---

[7]"§ 2672. Administrative adjustment of claims
The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred: *Provided,* That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee.

"Subject to the provisions of this title relating to civil actions on tort claims against the United States, any such award, compromise, settlement, or determination shall be final and conclusive on all officers of the Government, except when procured by means of fraud.

"Any award, compromise, or settlement in an amount of $2,500 or less made pursuant to this section shall be paid by the head of the Federal agency concerned out of appropriations available to that agency. Payment of any award, compromise, or settlement in an amount in excess of $2,500 made pursuant to this section or made by the Attorney General in any amount pursuant to section 2677 of this title shall be paid in a manner similar to judgments and compromises in like causes and appropriations or funds available for the payment of such judgments and compromises are hereby made available for the payment of awards, compromises, or settlements under this chapter [§§ 2671-2680 of this title].

"The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter." (28 U.S.C.A. § 2672.)

The quoted reference to section 2672 of title 28 in 10 U.S.C.A. § 2733(b)(2) does not prohibit settlement under the Military Claims Act of all claims that might potentially be dealt with under the Tort Claims Act; rather, it seems apparent that this was intended to prevent double recovery from the federal government for the same incident. Examining the exclusionary language of section 2733(b)(2), it appears that the Military Claims Act excludes those claims which are "covered" by the "Administrative adjustment of claims" section of the Tort Claims Act. It seems clear that no claim could be considered "covered" by that particular section of the Tort Claims Act dealing with adjustment of claims until some award, compromise or settlement had been made.

Those charged with the administration of the two acts have never recognized an interpretation which holds that all claims which might be treated as tort claims are excluded from the operation of the Military Claims Act. In 1 L. Kreindler, Aviation Accident Law 215 (1963), a letter from Captain W. J. Murphy, Assistant Director of the Litigation and Claims Division of the Naval Judge Advocate General's Office is quoted as follows:

Of course, aircraft accidents fall within this second facet of the Military Claims Act and to the present time, neither we nor the other services have declined to handle such cases even if the particular aircraft were identical to a commercial airliner.

With respect to claims which fall within this second facet, an injured party can choose his remedy. He can file a claim under the Military Claims Act and, if he can't get together with the military to his satisfaction, bring suit under the Federal Tort Claims Act. As to such a claim under the Military Claims Act he need establish only causation; if he chooses the Federal Tort Claims Act he must, of course, establish negligence. We like to think that so long as causation is clearly there we act reasonably from the very beginning on Military Claims Act claims by coming up with realistic opening offers and I know of no such cases where an honest effort to get together existed on both sides where action under the Federal Tort Claims Act was necessary. Briefly, if we are going to pay anything, we will come up with a realistic

opening offer and not one which would insult the intelligence of the claimant's attorney.

It is recognized, as Captain Murphy says, that a claim for injuries caused by military aircraft engaged in noncombatant activities can be filed under the Military Claims Act, and if a satisfactory settlement is not reached, the claimant may proceed under the Tort Claims Act, where a cause of action is given against the government by 28 U.S.C.A § 2674.

The federal courts hold that claimants may proceed under either the Military Claims Act or the Tort Claims Act. *United States v. Gaidys,* 194 F.2d 762 (10th Cir. 1952); *Arkwright Mut. Ins. Co. v. Bargain City, U.S.A., Inc.,* 251 F. Supp. 221, 227 (D. Pa. 1966), *aff'd,* 373 F.2d 701 (3d Cir. 1967), *cert. denied,* 389 U.S. 825 (1967).

To briefly summarize at this point: we find nothing in the wording of the Tort Claims Act or the Military Claims Act, or their avowed purposes; nothing in the administrative and practical interpretation of the two acts; and nothing in the federal decisions which precludes a consideration of a tort claim under the Military Claims Act. There is then no basis for the trial court's conclusion that a settlement under the Military Claims Act constitutes a conclusive finding that the claim could not have been prosecuted under the Tort Claims Act.

■ To argue that Mrs. Lundeen and the children, prior to their settlement under the Military Claims Act, did not have a right to proceed against the United States under the Tort Claims Act is to deny the obvious. Successful prosecution of the claim does not have to be guaranteed to make it a valuable right of action. That the State of Washington through its Department of Labor and Industries could have been assigned that right, or have been subrogated to it had the department made any payments to Mrs. Lundeen, is equally obvious. The department urges that res ipsa loquitur would take the issue of negligence or wrong past a nonsuit in an action under the Tort Claims Act. There is ample authority to sustain that position. *Schneider v. United States,* 188 F. Supp. 911 (D. N.Y. 1960); *Norden v.*

*United States,* 187 F. Supp. 594 (D. R.I. 1960); *Rogow v. United States,* 173 F. Supp. 547 (D. N.Y. 1959); *Parcell v. United States,* 104 F. Supp. 110 (D. W. Va. 1951). Assuming that the department, even with the aid of res ipsa, failed to prove negligence or wrongful conduct on the part of the United States or its representatives to the satisfaction of the trier of the facts, it would nevertheless be entitled to be subrogated to the cause of action, and to have the opportunity to prosecute it, if Mrs. Lundeen were to receive the benefits which the trial court has awarded to her. *United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 94 L. Ed. 171, 70 S. Ct. 207, 12 A.L.R.2d 444 (1949). We cite only the one case, as it enumerates seven circuit courts which had already reached the same conclusion and is completely decisive of the issue. Having by her release of the third party (the United States) terminated the department's right of subrogation against that third party, Mrs. Lundeen no longer has a right to recover under the Industrial Insurance Act, in a third party wrongdoer situation under RCW 51.24.010. *United States v. Aetna Cas. & Sur. Co., supra. Warneke v. Argonaut Ins. Co.,* 407 S.W.2d 834 (Tex. Civ. App. 1966).

There is, however, still another reason why Mrs. Lundeen should not recover benefits under our Industrial Insurance Act. Payment under that act would be a useless gesture, for if the department paid her the benefits provided it would be entitled to a lien on the award she received under the Military Claims Act, to the extent of the payments it had made to her.

Such is the holding in an almost identical case. In *Ryan v. General Elec. Co.,* 31 App. Div. 2d 191, 296 N.Y.S.2d 17 (1968), construing section 29 of the New York Workmen's Compensation Act (comparable to our RCW 51.24.010), the New York court held that where a widow makes a settlement with a third party whose negligence or wrongdoing caused her husband's death, the insurance carrier has a lien on the amount received to the extent of the benefits paid under the New York Workmen's Compensation Act. In that case John Ryan was killed when a Navy jet plane crashed

into the plane which Ryan was flying in the course of his employment. He left a widow and three small children, and the benefits due under the New York Workmen's Compensation Act were paid to the widow by his employer's insurance carrier. Mrs. Ryan then filed a claim and received a settlement of $125,000 from the United States under the Military Claims Act.

The insurance carrier was awarded a lien on the $125,000 in Mrs. Ryan's hands to the extent of the benefits it had paid her under the terms of the New York Workmen's Compensation Act.

We turn now to Mrs. Lundeen's theory, adopted by the trial court, that the $98,816 was not a third party settlement but a gift from a benevolent third party, the United States.

Interestingly enough Mrs. Ryan made the same claim in the New York case which we have just discussed. New York had earlier accepted the view now urged upon us in behalf of Mrs. Lundeen, that such a settlement by the United States was to all intents and purposes a gift because there is no legal obligation to make the payment, and all but $5,000 comes as the result of a congressional appropriation. *Schneider v. Archie Baxter's Flying Serv., Inc.,* 266 App. Div. 1037, 44 N.Y.S.2d 541 (1943).

Prior to the death of Ryan, however, the United States had enacted the Tort Claims Act, and there had also been a general waiver by the United States of governmental immunity (28 U.S.C.A § 1346). The New York court therefore took a different position in the Ryan case. It determined that the settlement of any claim that could have been prosecuted under the Tort Claims Act, even though settled under the Military Claims Act, was no longer a gift because a right of action was released.

■ The myth of a gift, when a government compensated those who had been injured by its representatives, disappeared when governmental immunity was exorcised. If Mrs. Lundeen had a cause of action under the Tort Claims Act (and we hold that she did) and if she released "all claims" against the United States by accepting the

$98,816, and she did, there was no gift but a good consideration. This was a bar to any action by Mrs. Lundeen against the department.

The judgment of the trial court is set aside, and it is directed to enter a judgment affirming the order of the Board of Industrial Insurance Appeals denying Margaret I. Lundeen, individually and as guardian, any benefits under the Industrial Insurance Act.

ALL CONCUR.